UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLEAR WITIH COMPUTERS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:14-CV-79-LED |
| ALTEC INDUSTRIES, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Altec Industries, Inc. ("Altec") responds to Plaintiff Clear with Computers, LLC's ("Plaintiff" or "CWC") Complaint ("Complaint") and states:

**ANSWER**

1. Altec is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint and, on that basis, denies those allegations.

2. Altec admits that it is an Alabama corporation with a place of business located at 210 Inverness Center Drive, Birmingham, Alabama 35242.

3. Altec admits that Plaintiff purports to state a claim for patent infringement, which would arise under 35 U.S.C. § 1 *et seq.* Altec denies that any of its actions give rise to a cause of action for patent infringement.

4. Altec admits that this Court has subject matter jurisdiction over patent cases and that Plaintiff is alleging patent infringement.

5. Altec admits that it has conducted business within this Judicial District, but denies that it has a regular and established place of business within this Judicial District. Altec denies

that it conducts substantial business in this forum, directly or through intermediaries. Altec denies carrying out any infringing activities in the State of Texas, and more particularly, denies carrying out any infringing activities in this district. Altec denies the remaining allegations of Paragraph 5 of the Complaint.

6. Altec admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient in this district and reserves its right to file a motion to transfer this case to a proper and convenient venue.

7. Altec admits that United States Patent No. 5,625,776 (the "'776 Patent") is entitled "Electronic Proposal Preparation System for Selling Computer Equipment and Copy Machines." Altec admits that the '776 Patent lists an issuance date of April 29, 1997. Altec admits that a purported copy of the '776 Patent is attached as Exhibit A to the Complaint. Altec denies that the '776 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").

8. Altec admits that United States Patent No. 7,606,739 (the "'739 Patent") is entitled "Electronic Proposal Preparation System." Altec admits that the '739 Patent lists an issuance date of October 20, 2009. Altec admits that a purported copy of the '739 Patent is attached as Exhibit B to the Complaint. Altec denies that the '739 Patent was duly and lawfully issued by the USPTO.

9. Altec is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10. Paragraph 10 repeats and re-alleges Paragraphs 1 through 9 of the Complaint as though fully set forth in their entirety. Therefore, Altec repeats and restates its answers to

Paragraphs 1 through 9 as though fully set forth in their entirety.

11. Altec denies all allegations set forth in Paragraph 11 of the Complaint.

12. Altec denies all allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 repeats and re-alleges Paragraphs 1 through 12 of the Complaint as though fully set forth in their entirety. Therefore, Altec repeats and restates its answers to Paragraphs 1 through 12 as though fully set forth in their entirety.

14. Altec denies all allegations set forth in Paragraph 14 of the Complaint.

15. Altec denies all allegations set forth in Paragraph 15 of the Complaint.

16. Altec does not object to a trial by jury on all issues so triable.

17. Altec denies that Plaintiff is entitled to any of the relief sought in its prayer for relief.

18. Altec denies each and every allegation in the Complaint which is not specifically admitted herein.

## DEFENSES

Further answering Plaintiff's Complaint, Altec asserts the following defenses, without assuming any burden of proof that it would not otherwise bear. Altec reserves the right to amend its answer as additional information is obtained.

19. <u>Failure to State a Claim.</u> Each of Plaintiff's claims for relief and each of its allegations fail to state a claim upon which any relief may be granted against Altec.

20. <u>Non-Infringement.</u> Altec has not infringed any valid and enforceable claim of the '776 and '739 Patents, directly, indirectly, or otherwise. Altec is not liable for infringement of the '776 and '739 Patents.

21. <u>Invalidity.</u> The '776 and '739 Patents and all of the claims in the '776 and '739

Patents are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, 112, and 116 and the rules, regulations, and laws pertaining thereto.

22.     <u>Statutory Damages Limitation.</u>  Plaintiff's claims for damages are statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

23.     <u>Laches.</u>  The relief sought by Plaintiff as to the '776 and '739 Patents is barred, in whole or in part, by the doctrines of laches and prosecution laches.

24.     <u>Equitable Defenses.</u>  On information and belief, the relief sought by Plaintiff as to the '776 and '739 Patents is barred, in whole or in part, under principles of equity, including, but not limited to, waiver, estoppel, acquiescence, and unclean hands.

25.     <u>Prosecution History Estoppel.</u>  By reasons of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, statements, admissions, omissions, and/or representations made by the applicant or on his behalf, Plaintiff is estopped from asserting infringement of the '776 and '739 Patents against Altec under the doctrine of equivalents.

26.     <u>Exceptional Case.</u>  Plaintiff cannot prove this is an exceptional case justifying an award of attorneys' fees against Altec pursuant to 35 U.S.C. § 285.

27.     <u>Patent Exhaustion and/or Implied License.</u>  Plaintiff's claims are barred by the doctrines of patent exhaustion and/or implied license, in whole or in part, to the extent there are licensed rights, implied or otherwise, granted to third parties to practice the '776 and '739 Patents, or Plaintiff has otherwise been compensated for any alleged acts of infringement by Altec.

28.     Altec expressly reserves the right to assert additional defenses after appropriate discovery.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Altec, demands a jury trial and asserts the following counterclaims against CWC:

### Nature Of The Action

29. Defendant and counter-claimant Altec brings this action pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of the '776 Patent and the '739 Patent, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

### Jurisdiction And Venue

30. Altec is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

31. On information and belief, counter-defendant CWC is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 473, Plano, Texas 75093.

32. These counterclaims arise under the United States Patent laws, 35 U.S.C. § 101, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.  A valid and justiciable controversy regarding the '776 and '739 Patents exists because CWC has asserted infringement of the '776 and '739 Patents by Altec, and Altec denies these assertions.  This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202.

33. This Court has personal jurisdiction over CWC because, *inter alia*, CWC has submitted to jurisdiction of this Court by bringing the present action.

34. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), and by virtue of CWC filing its Complaint for patent infringement in this Court.

## Declaratory Judgment Of Non-Infringement

35. Altec alleges and incorporates by reference each and every allegation contained in Paragraphs 29 through 34 as fully set forth herein.

36. An actual and justiciable controversy exists between CWC and Altec with respect to non-infringement of the '776 and '739 Patents because CWC has brought this action against Altec alleging that it infringes the '776 and '739 Patents, and Altec denies this allegation. Absent a declaration of non-infringement, CWC will continue to wrongfully assert the '776 and '739 Patents against Altec, and thereby cause Altec irreparable injury and damage.

37. Altec does not infringe any claim of the '776 and '739 Patents, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaratory judgment to that effect pursuant to 28 U.S.C. §§ 2201-2202.

38. Altec requests a judicial determination and declaration that Altec does not infringe, directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, any claim of the '776 and '739 Patents.

## Declaratory Judgment Of Invalidity

39. Altec incorporates by reference each and every allegation contained in Paragraphs 29 through 38 as fully set forth herein.

40. An actual and justiciable controversy exists between CWC and Altec with respect to the invalidity of the '776 and '739 Patents because CWC has brought this action against Altec alleging that it infringes the '776 and '739 Patents, and Altec denies this allegation and asserts that the '776 and '739 Patents are invalid. Absent a declaration of invalidity, CWC will continue to wrongfully assert the '776 and '739 Patents against Altec and thereby cause Altec irreparable injury and damage.

41. The '776 and '739 Patents are invalid under the provisions of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, 112, and/or 116, and Altec is entitled to declaratory judgment to that effect, pursuant to 28 U.S.C. §§ 2201-2202.

42. Altec requests a judicial determination and declaration that the claims of the '776 and '739 Patents are invalid.

## EXCEPTIONAL CASE

43. This case is an exceptional case against CWC under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

44. Altec demands a jury trial as to all issues triable by jury.

## REQUEST FOR RELIEF

45. For all these reasons, Altec requests that the Court enter a judgment:

   A. Against Plaintiff and in favor of Altec;

   B. Dismissing Plaintiff's Complaint in its entirety with prejudice and adjudging that Plaintiff is entitled to no relief whatsoever from Altec;

   C. Declaring and finding that Altec has not infringed any asserted claims of the '776 and '739 Patents;

   D. Declaring and finding the '776 and '739 Patents invalid and unenforceable against Altec;

   E. Adjudging that Plaintiff take nothing by its Complaint;

   F. Awarding Altec its costs and attorneys' fees;

   G. Declaring this an exceptional case under 35 U.S.C. § 285; and

   H. Awarding Altec such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        */s/ Jennifer H. Doan*
        Jennifer H. Doan
        Texas Bar No. 08809050
        Joshua R. Thane
        Texas Bar No. 24060713
        Christy Samansky Hawkins
        Texas Bar No. 24085575
        HALTOM & DOAN
        6500 Summerhill Road, Suite 100
        Texarkana, TX  75503
        Telephone:  (903) 255-1000
        Facsimile:  (903) 255-0800
        Email:  jdoan@haltomdoan.com
        Email:  jthane@haltomdoan.com
        Email:  chawkins@haltomdoan.com

        **ATTORNEYS FOR DEFENDANT**
        **ALTEC INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of May, 2014.

        */s/ Jennifer H. Doan*
        Jennifer H. Doan